IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **MICHELY PAIVA ALVES,** | § | |
| Petitioner, | § § § | |
| v. | § | CAUSE NO. EP-25-CV-306-KC |
| **U.S. DEPARTMENT OF JUSTICE, et al.,** | § § § | |
| Respondents. | § § § | |

## ORDER

On this day, the Court considered Respondents' Unopposed Motion to Appear Virtually, ECF No. 11. Respondents' attorney seeks permission to appear at the September 22, 2025, hearing virtually because of her high case load districtwide and scheduled medical appointments the day after the hearing. *Id.* ¶¶ 1–3. This is a complex and serious case, implicating Petitioner's liberty and due process rights on the one hand, and the power of the Executive Branch to enforce U.S. immigration law, on the other. The parties' briefing so far raises disputes of both fact and law. *See* Sept. 12, 2025, Order 3–9, ECF No. 9. Respondents have been ordered to produce the pro se Petitioner herself at the hearing, and she may be called to testify. *Id.* at 11.

In this context, the Court finds that it would better serve the ends of justice for all attorneys, parties, and witnesses to appear in person to present argument and evidence. *Cf. Shenzen Synergy Digital Co. v. Mingtel, Inc.*, No. 19-cv-216, 2021 WL 6072565, at *2 (E.D. Tex. Dec. 23, 2021) ("The decision whether to allow remote testimony . . . lies within the district court's discretion." (citing *Eller v. Trans Union, LLC*, 739 F.3d 467, 477 (10th Cir. 2013))). The Court recently denied a similar request by the petitioner's counsel in another immigration habeas

case.  *See* Order, *Lopez-Arevelo v. Ripa et al.*, No. 3:25-cv-337-KC (W.D. Tex. Sept. 3, 2025), ECF No. 16.

Accordingly, the Motion is **DENIED**.  An attorney for Respondents must appear **in person** at the September 22 hearing.

**SO ORDERED**.

**SIGNED this 17th day of September, 2025.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE