**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **MICHELY PAIVA ALVES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| v. | § | **CAUSE NO. EP-25-CV-306-KC** |
| | § | |
| **U.S. DEPARTMENT OF JUSTICE,** | § | |
| **et al.,** | § | |
| | § | |
| **Respondents.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the case. Petitioner Michely Paiva Alves filed a Petition for a Writ of Habeas Corpus and Petition for Writ of Mandamus ("Petition"), ECF No. 1. In answer to the Court's Show Cause Order, ECF No. 2, Respondents filed their Response, ECF No. 8, in opposition to Alves' Petition. On September 22, 2025, the Court held a hearing on the Petition. Minute Entry ("Sept. 22 Hr'g"), ECF No. 16. That same day, Petitioner filed a Memorandum in Support of the Petition, ECF No. 14, and Respondents filed Exhibits, ECF No. 15.

Alves entered the United States on January 21, 2025, and was immediately placed in U.S. Immigration and Customs Enforcement ("ICE") custody at the El Paso Processing Center. Pet ¶ 16. She has remained in continuous detention there for just over eight months. *Id.* Initially, Alves was placed in expedited removal proceedings, under which she was to be removed promptly without review by an Immigration Judge ("IJ"). *Id.* In February, U.S. Citizenship and Immigration Service ("USCIS") determined that Alves had a credible fear of torture under the

Convention Against Torture ("CAT") if returned to Brazil.  Sept. 22 Hr'g 2:44:45–2:45:35[1];

Decl. Asst. Field Office Dir. Martin A. Sarellano Jr. ("Sarellano Decl.") ¶ 9, ECF No. 15-1.

Alves was not screened for credible fear because the Government was not reviewing asylum

claims for people in Alves' position, per Presidential Proclamation 10888.  Sept. 22 Hr'g

2:44:45–2:45:35; Sarellano Decl.  ¶ 6.  Thereafter, Respondents attempted to effectuate Alves'

removal to third countries, including El Salvador, Honduras, Guatemala, Mexico, and Spain, but

none agreed to take her.[2]  Sarellano Decl. ¶¶ 10–12, 14; Sept. 22 Hr'g 2:46:00–2:46:43.  On

April 2, 2025, Alves requested that she be released on humanitarian parole, but this request was

denied.  Sarellano Decl. ¶ 13; Sept. 22 Hr'g 3:03:05–3:03:36, 3:03:48–3:04:16.

On August 1, 2025, the U.S. Court of Appeals for the District of Columbia enjoined the

implementation of Proclamation 10888 on a class action basis, making asylum available again to

Alves and others like her.  Sept. 22 Hr'g 2:47:00–2:48:02; *see also* Order, *Refugee and*

*Immigrant Ctr. for Educ. and Legal Servs. v. Noem*, No. 25-5243 (D.C. Cir. Aug. 1, 2025),

*available at* https://media.cadc.uscourts.gov/orders/docs/2025/08/25-5243LDSN4.pdf.  On

August 27, ICE issued a Notice to Appear, placing Alves in full removal proceedings under INA

§ 240, 8 U.S.C. § 1229(a).  Sarellano Decl. ¶ 16; Sept. 22 Hr'g 3:00:00–3:03:01.  Alves had a

master calendar hearing before an IJ on September 18, 2025 and the hearing was rescheduled to

October 28, 2025 at her request, to allow her to obtain an attorney.  Mem. 2; Sarellano Decl. ¶

17.  Alves has not yet formally applied for asylum.  Sept. 2 Hr'g 2:42:01–2:43:48.

Petitioner argues that her detention has become unreasonably prolonged in violation of

due process and asks the Court to order an individualized bond hearing.  Mem. 5–6.  At the

---

[1] The timestamps correspond to the local time of day in El Paso, Texas, on September 22, 2025, the day of the Hearing.

[2] Only Mexico agreed to accept Alves under any circumstances, and only if she consented to be removed to Mexico, which she did not.  Sarellano Decl. ¶ 11.

2

hearing, Respondents argued that Alves' detention is not unreasonably prolonged at this time. *Id.* 3:05:08–3:06:37. Respondents stated that based on the reinstatement of asylum claims processing, it is possible that Alves could be released under humanitarian parole if she renewed her request. *Id.* 3:04:30–3:05:08.

The permissible extent of prolonged mandatory immigration detention under the Due Process Clause is a complicated issue, on which courts have employed differing analyses and reached disparate outcomes. *See* Sept. 12, 2025, Order 4–9, 11, ECF No. 9. Alves has a master calendar hearing set for October 28, 2025, in her immigration proceedings. Mem. 2; Sarellano Decl. ¶ 17. It is likely that the IJ will then set the immigration case for a merits hearing, which will give the parties and the Court a better sense of the likely duration of Alves' pre-removal order detention. *See, e.g., Cardozo v. Bostock*, No. 25-cv-871, 2025 WL 2597521, at *5–6 (W.D. Wash. July 29, 2025), *report and recommendation adopted in part*, 2025 WL 2592275 (W.D. Wash. Sept. 8, 2025). It is also possible, per Respondents' representations during the Hearing, that Alves could be released on humanitarian parole in the coming weeks. *See* Sept. 22 Hr'g 3:04:30–3:05:08. Her release would moot this Petition. For both of these reasons, the Court finds it necessary to take this matter under advisement pending the October 28 hearing.

Accordingly, the parties are **ORDERED** to file a joint status report, at any time **between October 29, 2025, and November 4, 2025**, addressing the following:

(1) whether Alves refiled her request for humanitarian parole and the status of that request, including any result;

(2) whether Alves filed an application for asylum;

(3)  whether the October 28, 2025, hearing was held, and if so, a description of any orders

entered by the IJ, including deadlines and settings for any future removal

proceedings; and

(4)  any other information the parties deem relevant to this case.

**SO ORDERED**.

**SIGNED this 24th day of September, 2025.**

KATHLEEN  CARDONE
UNITED STATES DISTRICT JUDGE